# SUPPLEMENT TO EXHIBIT A TO JOINT MOTION FOR APPROVAL

1

# EXHIBIT A
# TO MOTION

# GLOBAL SETTLEMENT AGREEMENT

THIS GLOBAL SETTLEMENT AGREEMENT ("Agreement") is made and entered into by and between Electrolux Home Products, Inc. and Electrolux Home Care Products, Inc. (collectively referred to as "Electrolux"),[1] on the one hand, and on the other hand, Nick Harvey, Cindy Sturtz, and David Ausborn ("Named Plaintiffs") and the additional 288 former employees who opted into the litigation styled *Harvey et al. v. AB Electrolux et al.*, No. 11-cv-3036 (N.D. Iowa) and have not been dismissed pursuant to the May 28, 2014 Stipulation and Dismissal with Prejudice (Docket No. 162) ("Remaining Opt-Ins"), which Remaining Opt-Ins are identified in Exhibit A to this Agreement (the Remaining Opt-Ins and the Named Plaintiffs are collectively referred to herein as "Remaining Plaintiffs"). Remaining Plaintiffs are represented by James B. Zouras and Ryan F. Stephan of Stephan Zouras, LLP, Jon Tostrud of Tostrud Law Group, P.C., and J. Barton Goplerud of Hudson, Mallaney, Shindler & Anderson, P.C. (collectively referred to as "Plaintiffs' Attorneys").

WHEREAS, Named Plaintiffs individually and on behalf of all other allegedly similarly situated employees, by and through their undersigned counsel, brought a Class and Collective Action Complaint against Electrolux, AB Electrolux, and Electrolux Home Products North America n/k/a Electrolux Major Appliances North America (collectively, "Defendants") on August 3, 2011, and filed an Amended Complaint on September 13, 2011 ("the Lawsuit");

WHEREAS, Named Plaintiffs alleged in the Lawsuit that Defendants failed to pay them and other similarly situated employees for certain overtime hours they incurred while donning gloves and sleeves, walking to their workstations, washing gloves and sleeves, and performing other alleged pre-shift work in violation of the Fair Labor Standards Act ("FLSA") and the Iowa Wage Payment and Collection Law ("IWPCL");

WHEREAS, on March 9, 2012, the Court conditionally certified an FLSA collective action of individuals who were employed by the Electrolux Webster City Plant in the State of Iowa as hourly paid, non-exempt, production employees or other similarly titled positions at any time between December 14, 2008, and December 14, 2011;

WHEREAS, a total of approximately 1,152 additional individuals filed consents to join the action ("Opt-In Plaintiffs," collectively with Named Plaintiffs, "Plaintiffs");

WHEREAS, on May 1, 2013, Named Plaintiffs and Electrolux cross-moved for summary judgment, with Electrolux moving for summary judgment on the Named Plaintiffs' individual claims for pay for donning time, walking time and time spent washing arm guards and gloves at home;

WHEREAS, on March 28, 2014, this Court granted summary judgment to Electrolux on the Named Plaintiffs' individual claims for pay for donning time, walking time and time spent washing arm guards and gloves at home;

---

[1] Defendants AB Electrolux and Electrolux Home Products North America n/k/a Electrolux Major Appliances North America were never properly served in this litigation and therefore are not proper parties.

WHEREAS, Plaintiffs and Electrolux through their respective counsel agreed that the rationale of the Court's decision applied to the Opt-In Plaintiffs' claims as well and, accordingly, on May 28, 2014, Plaintiffs and Electrolux filed a Stipulation of Dismissal dismissing the claims of all Opt-In Plaintiffs except for those individuals who worked in a Paint Department and/or as a Utility Worker, which individuals are the 288 Remaining Opt-Ins;

WHEREAS, on December 17, 2014, Remaining Plaintiffs and Electrolux (the "Parties") engaged in a settlement conference before Magistrate Judge Leonard Strand;

WHEREAS, at the settlement conference, the Parties reached an agreement in principle and signed a term sheet in which they listed the principal terms and agreed to execute formal settlement papers memorializing the settlement;

WHEREAS, Defendants deny all of the allegations against them and deny that they are liable for damages to anyone with respect to the causes of action asserted in the Lawsuit;

WHEREAS, the Parties do not abandon their respective positions on the merits of the Lawsuit. Nonetheless, the Parties recognize that continued litigation would be protracted, expensive, uncertain, and contrary to their respective best interests. Accordingly, the Parties believe that this Agreement is the most efficient and beneficial method to resolve the claims actually asserted and those that could have been asserted in the Lawsuit;

WHEREAS, the Parties desire to settle fully and finally all differences between them, including but in no way limited to, any differences embodied in or related to the Lawsuit,

NOW, THEREFORE, in consideration of the mutual promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      Total Settlement Amount. Electrolux agrees to pay a total settlement amount of $180,000 ("Total Settlement Amount") to resolve all actual and potential wage and hour claims of Remaining Plaintiffs, as set forth more fully in Paragraph 8 below, as well as all claims for attorney's fees and costs associated with the Lawsuit. This Total Settlement Amount is inclusive of all payments to Named Plaintiffs and Remaining Opt-Ins, attorneys' fees, costs, service awards, and any claims administration fees, such that the Electrolux's settlement liability, other than Electrolux's share of payroll taxes, shall not exceed $180,000 under any circumstances. The Total Settlement Amount shall be distributed as follows:

(a)     Payments to Remaining Plaintiffs. After the Effective Date of this Agreement (as defined below in Paragraph 10), Electrolux shall issue checks to Remaining Plaintiffs in the amounts ("Gross Payment Amounts") described in Exhibit A to this Agreement, less applicable taxes and withholdings as required by federal, state, and local law as specified below in Paragraph 2(a). Each Gross Payment Amount was calculated by dividing the number of workweeks that the Remaining Plaintiff worked in a Paint Department and/or as a Utility Worker during the class period (periods of less than one week were rounded to one week) by the total number of workweeks that all Remaining Plaintiffs worked in a Paint Department and/or as a Utility Worker during the class period and multiplying the result by the Total Settlement Amount less deductions for Court

NYI-524634412v7

- 2 -

Case 3:11-cv-03036-MWB   Document 177-1   Filed 02/27/15   Page 3 of 28
Case 3:11-cv-03036-MWB-LTS   Document 178   Filed 03/02/15   Page 4 of 31

approved attorneys' fees and costs and service awards.[2] Electrolux shall issue such checks as promptly as reasonably possible after the Effective Date and receipt from Plaintiffs' Attorneys of any and all information necessary to potentially identify the Remaining Plaintiffs and issue them checks. Electrolux shall deliver such checks to J. Barton Goplerud, Hudson, Mallaney, Shindler & Anderson, P.C., 5015 Grand Ridge Drive, Suite 100, West Des Moines, Iowa 50265-5749, who shall distribute them to Remaining Plaintiffs.

     (b) <u>Service Awards</u>. Electrolux agrees to pay service awards of $1,500 for each of the Named Plaintiffs to be paid from the Total Settlement Amount ("Service Awards"), provided the Court approves the amounts of the Service Awards. Any approved Service Award shall be paid by Electrolux no later than ten (10) days after the Effective Date, provided that the respective Named Plaintiffs have executed and provided to Defendants' attorneys an Individual Agreement and General Release in the form attached as Exhibit C (and provided that any applicable revocation periods have expired; if a revocation period applicable to any Plaintiff has not expired, the payment shall be made by Electrolux no later than ten (10) calendar days after the expiration of the revocation period). The Service Awards in this Paragraph 1(b) are separate and apart from, and in addition to, other recovery to which Named Plaintiffs may be entitled to under other provisions of this Agreement. Any Court ruling on the amount of Service Awards shall not affect the Court's ruling on the fairness, reasonableness, and adequacy of the Agreement. If the Court does not grant Named Plaintiffs' Service Awards in the amount of $1,500 each, the Gross Payment Amounts to the Remaining Plaintiffs will be adjusted accordingly.

     (c) <u>Payment to Plaintiffs' Attorneys</u>. Electrolux agrees to pay up to $80,000 from the Total Settlement Amount for Plaintiffs' Attorneys' fees and costs, provided that the Court approves of the amount of Plaintiffs' Attorneys' fees and costs. Payment of attorneys' fees and costs approved by the Court shall be made by Electrolux within ten (10) days after the Effective Date. Any Court ruling on the amount of the award of attorneys' fees and costs shall not affect the Court's ruling on the fairness, reasonableness, and adequacy of the Agreement. If the Court orders a payment of Plaintiffs' Attorneys' fees and costs in an amount of less than $80,000, the Gross Payment Amounts to the Remaining Plaintiffs will be adjusted accordingly.

     (d) <u>Claims Administrator Fees</u>. The Parties do not anticipate using a claims administrator for any duties related to the facilitation of this Agreement. However, should the Parties decide to use a claims administrator, any fees for claims administration services shall be paid from the Total Settlement Amount, with the Gross Payment Amounts to the Remaining Plaintiffs to be adjusted accordingly.

2.    <u>Taxability of Payments</u>.

---

[2] As to Named Plaintiff David Ausborn, who did not work in a Paint Department or as a Utility Worker during the class period, the number of workweeks used for this calculation shall be the average number of workweeks worked by the other Remaining Plaintiffs in a Paint Department or as a Utility Worker during the class period.

(a) <u>Payments to Remaining Plaintiffs</u>. One-half of each of the Gross Payment Amounts shall be reported as wages for the respective Remaining Plaintiffs to the United States Internal Revenue Service and to other appropriate taxing authorities ("Taxing Authority" or "Taxing Authorities") on a Form W-2 and shall be subject to deductions for applicable taxes and withholdings. Electrolux shall bear the cost of the employer's share of taxes for such payments, which share of taxes will not come out of the Total Settlement Amount. The other half of each of the Gross Payment Amounts is compensation for alleged liquidated damages and interest and shall be reported for the respective Remaining Plaintiffs to the Taxing Authorities on a Form 1099 and shall be paid without deductions for applicable taxes and withholdings, except as required by law. The Parties agree that payment of the Gross Payment Amounts shall not be considered as payments of wages for any purpose except for tax purposes as described above and that payment of the Gross Payment Amounts shall not affect or trigger any right or obligation under any benefit plan.

(b) <u>Service Awards</u>. The service awards to Named Plaintiffs will be reported to the Taxing Authorities on a Form 1099 and shall be made without deductions for taxes and withholdings, except as required by law.

(c) <u>Attorneys' Fees and Costs</u>. The fees paid to each of the above Plaintiffs' Attorneys shall be reported to the Taxing Authorities on a Form 1099 under the respective attorneys' federal taxpayer identification numbers. In addition, the fees paid to Plaintiffs' Attorneys will be reported to the Taxing Authorities on a Form 1099, under each Remaining Plaintiff's federal taxpayer identification number, in an amount equal to each Remaining Plaintiff's proportional share of such payments.

(d) <u>Responsibility for Taxes</u>. Other than Electrolux's share of payroll taxes for the payments described in Section 2(a), Remaining Plaintiffs and Plaintiffs' Attorneys will be solely responsible for all taxes, interest and penalties owed with respect to any payment received pursuant to this Agreement. In the event that it is subsequently determined by any Taxing Authority that any additional amount of taxes is owed with respect to any money distributed under this Agreement, it is expressly agreed that liability for such taxes rests exclusively with that Remaining Plaintiff or with Plaintiffs' Attorneys and that Defendants will not be responsible for the payment of such taxes, including any interest and penalties. Plaintiffs' Attorneys and Remaining Plaintiffs understand and agree that they have not relied on any express or implied representations concerning the tax implications of the Total Settlement Amount.

3.    <u>Payments Discharge All Defendants' Obligations</u>. The payments described above in Paragraph 1 shall be in lieu of and discharge any obligations of Defendants for compensation, wages, benefits, pain and suffering, compensatory damages, liquidated damages, punitive damages, attorneys' fees, costs, interest, injunctive or other remedial relief, or any other expectation of remuneration or benefit on the part of Remaining Plaintiffs.

4.    <u>Uncashed Checks Escheat to the State of Iowa</u>. Any checks issued to Remaining Plaintiffs that are not cashed will be deemed unclaimed property and escheat to the State of Iowa within the amount of time and under the procedures prescribed by Iowa Code Chapter 556.

NYI-524634412v7

- 4 -

Case 3:11-cv-03036-MWB   Document 177-1   Filed 02/27/15   Page 5 of 28
Case 3:11-cv-03036-MWB-LTS   Document 178   Filed 03/02/15   Page 6 of 31

5. <u>Non-Admission of Individual Liability</u>. This Agreement shall not in any way be construed as an admission by Defendants that any of them has acted wrongfully with respect to Named Plaintiffs or Opt-In Plaintiffs collectively or individually or any other person, or that those individuals have any rights whatsoever against Defendants, and Defendants specifically disclaim any liability to or wrongful acts against Named Plaintiffs, Opt-In Plaintiffs, or any other person, on the part of Defendants and/or each of its respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and any and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit. Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Lawsuit or any other matters released in this Agreement, nor is this Agreement based on the merits of the case. Accordingly, the Parties agree that none of them has prevailed on the merits nor shall this Agreement serve or be construed as evidence that any party has so prevailed.

6. <u>Non-Admission of Class Liability</u>. The Parties agree that this Agreement does not constitute a determination or admission that any group of similarly situated employees exists who could maintain a collective action under the FLSA with regard to the Lawsuit or any other matters released in this Agreement. Accordingly, the Parties agree that none of them has prevailed on the issue of collective action certification nor shall this Agreement serve or be construed as evidence that any party has so prevailed.

7. <u>Court Approval</u>. The Parties agree to seek the Court's approval for the Agreement. As such, the Parties agree to jointly file a Motion for Approval of Settlement with the Court and to jointly submit to the Court's chambers a proposed Order Approving Settlement and Dismissal with Prejudice ("Final Order and Judgment") in the form attached hereto and made a part of the Settlement Agreement as Exhibit B (or a substantially similar form mutually agreeable to the Parties). The Parties will cooperate and take all necessary steps to effectuate judicial approval of the Settlement Agreement. The Parties agree that this settlement is contingent upon the approval of the Agreement in its entirety, and should the Court not approve this Agreement in its entirety, the terms of this Agreement will be null and void. In such event, the Parties agree to continue to negotiate in good faith over an alternative settlement.

8. <u>Release of Claims</u>. By operation of this Agreement and entry of the Final Order and Judgment following Court approval, each Remaining Plaintiff, on behalf of himself/herself and his/her heirs, estates, executors, administrators, assigns, transferees and representatives, irrevocably and unconditionally releases, acquits, and forever discharges Defendants, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a party in the Lawsuit (the "Released Parties") from any and all claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance or regulation, in equity or otherwise, and whether arising under federal, state, local or other applicable law, which any of the Remaining Plaintiffs has or might have, whether known or unknown, asserted or unasserted, that relate to or arise out of the facts, acts, transactions, occurrences, events or omissions alleged in the Lawsuit and that arose during any

NY1-524634412v7

- 5 -

Case 3:11-cv-03036-MWB   Document 177-1   Filed 02/27/15   Page 6 of 28
Case 3:11-cv-03036-MWB-LTS   Document 178   Filed 03/02/15   Page 7 of 31

time that Remaining Plaintiffs worked for Electrolux or any Defendant up until the date of the entry of the Final Order and Judgment ("Released Claims"). The Released Claims include, without limitation, claims asserted in the Lawsuit and any other wage-hour claims, including but not limited to claims arising under the Fair Labor Standards Act, the Iowa Wage Payment and Collection Law, any other state or local statutes and regulations of all states relating to the foregoing and/or any and all other wage and hour requirements.

9.     Release of Claims for Fees and Costs. As an inducement to Electrolux to enter into this Agreement, Remaining Plaintiffs and Plaintiffs' Attorneys also hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Plaintiffs' Attorneys' or any other attorneys' representation of anyone in connection with the Lawsuit. Remaining Plaintiffs and Plaintiffs' Attorneys further understand and agree that the fee payments made under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs associated with Plaintiffs' Attorneys' or any other attorneys' representation of anyone in connection with the Lawsuit.

10.     Effective Date. The effective date of this Agreement, including for purposes of triggering the payments under Paragraph 1 of this Agreement, shall be defined as the day after all of the following events, each of which is a material condition of this Agreement, occur: (a) Named Plaintiffs, Plaintiffs' Attorneys and Electrolux execute this Agreement; (b) the Court reviews and approves this Agreement and the Individual Agreement and General Release attached hereto as Exhibit C as fair and reasonable; and (c) the Court enters the Final Order and Judgment in a form not materially different from that attached hereto as Exhibit B.

11.     Named Plaintiffs' Authorization. Named Plaintiffs and Plaintiffs' Attorneys warrant and represent that the Named Plaintiffs are duly authorized representatives of all Remaining Plaintiffs, and are authorized to make decisions on behalf of all Remaining Plaintiffs regarding settlement of Remaining Plaintiffs' claims in the Lawsuit. Named Plaintiffs and Plaintiffs' Attorneys also warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by them under this Agreement.

12.     Final Order and Judgment. By executing this Agreement, Named Plaintiffs instruct Plaintiffs' Attorneys to take all steps necessary to obtain the dismissal with prejudice of the Lawsuit. As such, upon the full execution of this Agreement, Plaintiffs' Attorneys and Defendants' attorneys shall jointly submit a motion seeking approval of this Agreement with the Court along with the Final Order and Judgment attached hereto as Exhibit B.

13.     Waiver of Appeal Rights. Named Plaintiffs agree that they and all other Remaining Plaintiffs waive any and all rights to appeal in connection with the Lawsuit.

14.     Communications Regarding Settlement. Plaintiffs' Attorneys agree not to communicate with the press in any way or issue any press release in connection with the Lawsuit or this Agreement.

15.     Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Iowa.

NYI-524634412v7

- 6 -

Case 3:11-cv-03036-MWB   Document 177-1   Filed 02/27/15   Page 7 of 28
Case 3:11-cv-03036-MWB-LTS   Document 178   Filed 03/02/15   Page 8 of 31

16.     Assignments.  Named Plaintiffs represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity any claim relating to this Lawsuit, or any portion thereof or interest therein, including, but not limited to, any interest in the Lawsuit.

17.     No Representations.  Named Plaintiffs represent and acknowledge that, in executing this Agreement, they have not relied upon any representation or statement not set forth herein made by any of the Defendants or by any of the Defendants' agents, representatives, or attorneys.

18.     Binding Agreement.  This Agreement shall be binding upon each Remaining Plaintiff, as well as upon his or her respective heirs, administrators, representatives, executors, and assigns, and shall inure to the benefit of the Released Parties and their representatives, predecessors, successors, and assigns.

19.     Severability.  Should any clause, sentence, provision, paragraph, or part of this Agreement (other than Paragraphs 8 or 9) be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

20.     No Waiver.  The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of the right thereafter to enforce each and every term and condition of this Agreement.

21.     Sole and Entire Agreement.  Apart from the Individual Agreement and General Releases signed by Named Plaintiffs, this Agreement sets forth the entire agreement regarding the subject matter hereof between the Parties hereto and fully supersedes any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof.  This Agreement may only be modified in writing.

22.     Counterparts.  This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

Executed at _____, _____, this ____ day of _____, 2015.

_____
Nick Harvey

Executed at _____, _____, this ____ day of _____, 2015.

_____
Cindy Sturtz

Executed at _____, _____, this ____ day of _____, 2015.

_____
David Ausborn

Executed at *Chicago*, *IL*, this 27th day of *February*, 2015.

_____
James B. Zouras, Plaintiffs' Attorney, on behalf
of Remaining Plaintiffs

Executed at _____, _____, this ____ day of _____, 2015.

_____
Jon Tostrud, Plaintiffs' Attorney, on behalf of
Remaining Plaintiffs

Executed at _____, _____, this 27 day of _____, 2015.

_____
Barton Goplerud, Plaintiffs' Attorney, on behalf
of Remaining Plaintiffs

NYI-524634412v7

Executed at _____, _____, this ____ day of _____, 2015.

_____
Nick Harvey

Executed at _____, _____, this ____ day of _____, 2015.

_____
Cindy Sturtz

Executed at _____, _____, this ____ day of _____, 2015.

_____
David Ausborn

Executed at _____, _____, this ____ day of _____, 2015.

_____
James B. Zouras, Plaintiffs' Attorney, on behalf
of Remaining Plaintiffs

Executed at *Los Angeles, CA*, this **27** day of *February*, 2015.

_____
Jon Tostrud, Plaintiffs' Attorney, on behalf of
Remaining Plaintiffs

Executed at _____, _____, this ____ day of _____, 2015.

_____
Barton Goplerud, Plaintiffs' Attorney, on behalf
of Remaining Plaintiffs

- 8 -

NYI-524634412v7

Executed at _____, _____, this ____ day of _____, 2015.

*[signature]*

Nick Harvey

Executed at _____, _____, this ____ day of _____, 2015.

*[signature]*

Cindy Sturtz

Executed at _____, _____, this ____ day of _____, 2015.

_____
David Ausborn

Executed at _____, _____, this ____ day of _____, 2015.

_____
James B. Zouras, Plaintiffs' Attorney, on behalf
of Remaining Plaintiffs

Executed at _____, _____, this ____ day of _____, 2015.

_____
Jon Tostrud, Plaintiffs' Attorney, on behalf of
Remaining Plaintiffs

Executed at _____, _____, this ____ day of _____, 2015.

_____
Barton Goplerud, Plaintiffs' Attorney, on behalf
of Remaining Plaintiffs

- 8 -

NY1-524634412v7

Executed at _____, _____, this ____ day of _____, 2015.

_____
Nick Harvey

Executed at _____, _____, this ____ day of _____, 2015.

_____
Cindy Sturtz

Executed at _____, _____, this ____ day of _____, 2015.

X _____
David Ansborn

Executed at _____, _____, this ____ day of _____, 2015.

_____
James B. Zouras, Plaintiffs' Attorney, on behalf
of Remaining Plaintiffs

Executed at _____, _____, this ____ day of _____, 2015.

_____
Jon Tostrud, Plaintiffs' Attorney, on behalf of
Remaining Plaintiffs

Executed at _____, _____, this ____ day of _____, 2015.

_____
Barton Goplerud, Plaintiffs' Attorney, on behalf
of Remaining Plaintiffs

NYI-524634412v7

Executed at _Charlotte, NC_, this _27th_ day of _February_ 2015.

For Defendants Electrolux Home Products, Inc.
and Electrolux Home Care Products, Inc.

By: _Timothy Olawi_
Its: _SR. ASSOC GENERAL Counsel_

# EXHIBIT A

| Name | Total Weeks in Covered Position | Percentage of Total Hours | Gross Payment Amounts | Total Including Service Payment to Named Plaintiffs |
|---|---|---|---|---|
| AKERS, ALLEN D | 107.57 | 0.007541373 | $720.20 | |
| ANDERSEN, WAYNE C | 14.57 | 0.001021541 | $97.56 | |
| ANDERSON, PAUL | 107.57 | 0.007541373 | $720.20 | |
| ANDREWS, DAVID A | 45.00 | 0.003154758 | $301.28 | |
| ANDREWS, SALLY J | 107.57 | 0.007541373 | $720.20 | |
| ANDREWS, WILLIAM J | 119.43 | 0.008372627 | $799.59 | |
| AUSBORN, DAVID | 49.02 | 0.003436583 | $328.19 | $1,828.19 |
| AYERS, KELLY J | 1.00 | 0.000070106 | $6.70 | |
| AYERS, RICHARD L | 21.29 | 0.001492250 | $142.51 | |
| BAKER, LINDA L | 119.43 | 0.008372627 | $799.59 | |
| BALM, TERRI S | 57.43 | 0.004026072 | $384.49 | |
| BARKER, STEVEN R | 119.43 | 0.008372627 | $799.59 | |
| BASS, JERROD J | 14.57 | 0.001021541 | $97.56 | |
| BECK, JOHNNY J | 9.57 | 0.000671012 | $64.08 | |
| BEEHRLE, TODD E | 119.43 | 0.008372627 | $799.59 | |
| BERGANTZEL, DERRICK J | 18.29 | 0.001281933 | $122.42 | |
| BERGLUND, JOHN H | 77.29 | 0.005418472 | $517.46 | |
| BERNING, BRIAN J | 107.57 | 0.007531358 | $719.24 | |
| BERNS SR, RONALD L | 119.43 | 0.008372627 | $799.59 | |
| BIRT, SCOTT D | 45.71 | 0.003204833 | $306.06 | |
| BLASKEY, BOBBIE J | 26.57 | 0.001862809 | $177.90 | |
| BOHN, KEVIN E | 107.57 | 0.007541373 | $720.20 | |
| BORER, DALLAS L | 4.57 | 0.000320483 | $30.61 | |
| BOYINGTON, MICK E | 14.43 | 0.001011525 | $96.60 | |
| BRADFIELD, WILLIAM A | 1.00 | 0.000070106 | $6.70 | |
| BRENNAN, ELIZABETH | 57.57 | 0.004036087 | $385.45 | |
| BRENNAN, PATRICK J | 4.00 | 0.000280423 | $26.78 | |
| BREWER, MICHELE A | 18.57 | 0.001301963 | $124.34 | |
| BRIM, LISA M | 119.43 | 0.008372627 | $799.59 | |
| BRIM, TIMOTHY A. | 68.14 | 0.004777205 | $456.22 | |
| BRINKMAN, ROBBIE L | 119.43 | 0.008372627 | $799.59 | |
| BROWN, DEBORAH M | 1.00 | 0.000070106 | $6.70 | |
| BROWN, SHANE P. | 8.29 | 0.000580876 | $55.47 | |
| BUCHANAN, PAT J | 1.00 | 0.000070106 | $6.70 | |

| | | | |
|---|---|---|---|
| BUCKLEY, ELLEN C | 14.57 | 0.001021541 | $97.56 |
| BUCKLEY, KEVIN D | 1.00 | 0.000070106 | $6.70 |
| BUREN, JONATHON C. | 4.00 | 0.000280423 | $26.78 |
| BURNETT, RYAN | 119.43 | 0.008372627 | $799.59 |
| BURTON, DON E | 24.71 | 0.001732613 | $165.46 |
| CAMPEAU, WILLIAM J | 1.00 | 0.000070106 | $6.70 |
| CARR, ROXANNE R | 1.00 | 0.000070106 | $6.70 |
| CARTER, JEREMY B | 55.86 | 0.003915906 | $373.97 |
| CARTER, TIFFANY J | 14.57 | 0.001021541 | $97.56 |
| CAUDLE, HOPE L | 1.00 | 0.000070106 | $6.70 |
| CHAMBERS, MICHAEL B | 119.43 | 0.008372627 | $799.59 |
| CHANNELL, KEN W | 14.57 | 0.001021541 | $97.56 |
| CHASE, STEPHANIE JO | 1.00 | 0.000070106 | $6.70 |
| CLABAUGH, NORMA J | 107.57 | 0.007541373 | $720.20 |
| CLAUS, AARON J | 14.57 | 0.001021541 | $97.56 |
| CLUM, KYLE W | 1.00 | 0.000070106 | $6.70 |
| CLUM, RODNEY G | 1.00 | 0.000070106 | $6.70 |
| COEN, BARBARA A. | 1.00 | 0.000070106 | $6.70 |
| COLEMAN, MARTY D | 1.57 | 0.000110166 | $10.52 |
| CRAMPTON, SHERRI R | 51.43 | 0.003605437 | $344.32 |
| CROUCH, CHAD A | 119.43 | 0.008372727 | $799.60 |
| CROUCH, STACY L | 119.43 | 0.008372627 | $799.59 |
| DANIELSEN, SCOTT A | 10.71 | 0.000751133 | $71.73 |
| DARLAND, ALLEN M | 25.57 | 0.001792704 | $171.20 |
| DARLING, TODD L | 36.71 | 0.002573882 | $245.81 |
| DAY, PETER Z | 107.57 | 0.007541373 | $720.20 |
| DAYTON, TAMMY L | 107.43 | 0.007531358 | $719.24 |
| DEGNER, TODD A | 107.57 | 0.007541373 | $720.20 |
| DEIMERLY, ROBIN L | 1.00 | 0.000070106 | $6.70 |
| DELLACHIESA, DIANE M | 16.57 | 0.001161752 | $110.95 |
| DENCKLAU, MANDY J | 26.57 | 0.001862809 | $177.90 |
| DEUEL, JERRY D | 107.71 | 0.007551388 | $721.16 |
| DODSON, KEVIN L | 119.43 | 0.008372627 | $799.59 |
| DRUMMER, DOUG E | 103.29 | 0.007240920 | $691.51 |
| ECKERT, JASON E | 1.00 | 0.000070106 | $6.70 |
| EDDINGTON, BECKY J | 1.00 | 0.000070106 | $6.70 |
| EDDINGTON, ROBERT D | 26.00 | 0.001822749 | $174.07 |
| EDWARDS, PAULA J | 2.43 | 0.000170257 | $16.26 |
| EKSTROM, LINDA M | 1.00 | 0.000070106 | $6.70 |
| ELLEDGE, KADY M | 1.00 | 0.000070106 | $6.70 |
| ELLIOTT, MARLA F | 119.43 | 0.008372627 | $799.59 |
| ELLIS, CHRISTOPHER J. | 1.00 | 0.000070106 | $6.70 |

NYI-524634412v7

- 2 -

| | | | | |
|---|---|---|---|---|
| ENZIAN, SUZANNE J | 11.00 | 0.000771163 | $73.65 | |
| EVERHART, BEVERLY A | 7.14 | 0.000500755 | $47.82 | |
| FEAKER, JENNY M | 119.43 | 0.008372627 | $799.59 | |
| FEDKENHEUER, TAMMY L | 95.00 | 0.006660044 | $636.03 | |
| FERGUSON, DONNA | 1.00 | 0.000070106 | $6.70 | |
| FIALA, JULIA E | 107.57 | 0.007541373 | $720.20 | |
| FISHER, PEGGY J | 12.29 | 0.000861299 | $82.25 | |
| FISTER, RUSSELL L | 13.00 | 0.000911374 | $87.04 | |
| FISTLER, JASON D. | 1.57 | 0.000110166 | $10.52 | |
| FJELLAND, BRADLEY A | 1.00 | 0.000070106 | $6.70 | |
| FJELLAND, LORNA J | 15.71 | 0.001101661 | $105.21 | |
| FLATEN, CONNIE S. | 119.43 | 0.008372627 | $799.59 | |
| FLETCHALL, KEVIN C | 11.14 | 0.000781178 | $74.60 | |
| FLORES, MARIA E. | 11.00 | 0.000771163 | $73.65 | |
| FORD, ROGER A | 119.43 | 0.008372627 | $799.59 | |
| FRANCISCO, DON S | 20.29 | 0.001422145 | $135.81 | |
| FURMAN, JESSICA L | 38.14 | 0.002674033 | $255.37 | |
| GADBURY, ALLAN D | 1.00 | 0.000070106 | $6.70 | |
| GAPP, SANDRA J | 119.43 | 0.008372627 | $799.59 | |
| GARDNER, ANN M | 14.57 | 0.001021541 | $97.56 | |
| GEIS, DIANE C | 8.14 | 0.000570861 | $54.52 | |
| GOLBERG, RICHARD G | 72.00 | 0.005047612 | $482.05 | |
| GOODRICH, BILL J | 119.43 | 0.008372627 | $799.59 | |
| GRADY, ARLA J | 12.29 | 0.000861299 | $82.25 | |
| GRADY, MICHAEL L | 119.43 | 0.008372727 | $799.60 | |
| GRADY, RONALD L | 54.43 | 0.003815755 | $364.40 | |
| GRADY, TY A | 4.29 | 0.000300453 | $28.69 | |
| GRANDORS, PAULINE A | 96.57 | 0.006770210 | $646.56 | |
| GREEN, BRENDA J | 19.57 | 0.001372069 | $131.03 | |
| GREENE, THOMAS H. | 14.57 | 0.001021541 | $97.56 | |
| GRUNWALD, BONNIE M | 119.43 | 0.008372627 | $799.59 | |
| GUERRA, RICARDO | 58.14 | 0.004076147 | $389.27 | |
| HAGEDORN, SUSAN C | 25.57 | 0.001792704 | $171.20 | |
| HANKE, BRUCE R | 107.57 | 0.007541373 | $720.20 | |
| HANSON, KELLIE A | 23.57 | 0.001652492 | $157.81 | |
| HANUS, RONALD L | 88.57 | 0.006209364 | $592.99 | |
| HARBERT, LORETTA L | 10.29 | 0.000721087 | $68.86 | |
| HARPER, TROY | 11.00 | 0.000771163 | $73.65 | |
| HARRIS, THEODORE | 33.57 | 0.002353549 | $224.76 | |
| HART, JON D | 10.57 | 0.000741118 | $70.78 | |
| HARVEY, NICK V | 22.43 | 0.001572371 | $150.16 | $1,650.16 |
| HASSEBROCK, MORRIS L | 11.43 | 0.000801208 | $76.52 | |

| | | | |
|---|---|---|---|
| HEFFERNAN, MARTIN P | 72.00 | 0.005047612 | $482.05 |
| HENRY, RANDY L | 37.57 | 0.002633972 | $251.54 |
| HESLOP, RYAN M | 83.43 | 0.005848821 | $558.56 |
| HIGGINS, EDGAR O | 108.43 | 0.007601464 | $725.94 |
| HILDEBRAND, GORDON K | 119.43 | 0.008372627 | $799.59 |
| HILL, DENNIS W | 2.57 | 0.000180272 | $17.22 |
| HILL, JULIE A | 107.57 | 0.007541373 | $720.20 |
| HILPIPRE, CORY D | 91.29 | 0.006399651 | $611.17 |
| HIRACHETA, SHARLOTTE S | 46.57 | 0.003264924 | $311.80 |
| HIRACHETA, TROY A | 16.43 | 0.001151737 | $109.99 |
| HOLMES, TRAVIS L. | 1.00 | 0.000070106 | $6.70 |
| HOOVER, BRAD A | 55.00 | 0.003855815 | $368.23 |
| HOOVER, LORI S | 107.57 | 0.007541373 | $720.20 |
| HUBBARD, MICHAEL D | 17.00 | 0.001191797 | $113.82 |
| HUDSON, LANETTE F | 79.14 | 0.005548367 | $529.87 |
| HULL, CHARLENE D | 119.43 | 0.008372627 | $799.59 |
| JOHNSON, DENA S | 108.14 | 0.007581434 | $724.03 |
| JOHNSON, JAMIE M | 16.57 | 0.001161752 | $110.95 |
| JOHNSON, MEISHA L | 4.14 | 0.000290438 | $27.74 |
| JOHNSON, TRACY L. | 114.00 | 0.007992053 | $763.24 |
| JONES, JONATHON R. | 11.00 | 0.000771163 | $73.65 |
| JURGENSEN, KATHYRN A | 119.43 | 0.008372627 | $799.59 |
| KANNUAN, LYNNE K | 107.57 | 0.007541373 | $720.20 |
| KATSCHKE, CHERYL I. | 11.00 | 0.000771163 | $73.65 |
| KEENAN, RONALD G | 119.43 | 0.008372627 | $799.59 |
| KHALEET, JOHNNY | 103.29 | 0.007240920 | $691.51 |
| KHALEET, TOM | 25.57 | 0.001792704 | $171.20 |
| KIRK, SHANNON D | 119.43 | 0.008372627 | $799.59 |
| KLEIHAUER, MARK | 5.43 | 0.000380574 | $36.34 |
| KLINDT, DANIEL P | 14.57 | 0.001021541 | $97.56 |
| KLOBERDANZ, ALEXANDER L | 1.00 | 0.000070106 | $6.70 |
| KLOBERDANZ, LINDA J | 114.14 | 0.008002068 | $764.20 |
| KRAMER, ROGER | 1.00 | 0.000070106 | $6.70 |
| KRASEAN, MIKE J. | 11.00 | 0.000771163 | $73.65 |
| KRAUSE, DAVID L | 16.57 | 0.001161752 | $110.95 |
| LACINA, TODD A | 1.00 | 0.000070106 | $6.70 |
| LANKFORD, DANNY L | 14.57 | 0.001021541 | $97.56 |
| LARSON, PAUL D | 119.43 | 0.008372627 | $799.59 |
| LEEPER, MARK E | 60.57 | 0.004246404 | $405.53 |
| LINDSAY, CURTIS J | 27.57 | 0.001932915 | $184.59 |
| LOMBARD, EDWARD | 107.57 | 0.007541373 | $720.20 |
| LOVELACE, SHIRLEY D | 119.43 | 0.008372627 | $799.59 |

NYI-524634412v7

| | | | | |
|---|---|---|---|---|
| LUKES, JOSEPH T | 107.57 | 0.007541373 | $720.20 | |
| MACRUNNEL, PEGGY | 67.00 | 0.004697084 | $448.57 | |
| MACRUNNEL, STEVEN A | 119.43 | 0.008372627 | $799.59 | |
| MARONN, DONNA G | 93.86 | 0.006579923 | $628.38 | |
| MARTENS, MATTHEW C | 44.29 | 0.003104682 | $296.50 | |
| MCBRIDE, WILLIAM J | 16.57 | 0.001161752 | $110.95 | |
| MCCABE, JAMES L | 30.14 | 0.002113187 | $201.81 | |
| MCCAULLEY, DAWN R | 50.14 | 0.003515301 | $335.71 | |
| MCCAULLEY, SCOTT R | 119.43 | 0.008372627 | $799.59 | |
| MCCLELLAN, KEN J | 105.29 | 0.007381131 | $704.90 | |
| McClelland (GEISINGER) JESSICA L. | 2.00 | 0.000140211 | $13.39 | |
| MCCOY, CHAD M. | 1.00 | 0.000070106 | $6.70 | |
| MCCOY, CHARLOTTE J | 119.43 | 0.008372627 | $799.59 | |
| MCCOY, JAY C | 15.57 | 0.001091646 | $104.25 | |
| MCDERMOTT, MICHAEL D | 119.43 | 0.008372627 | $799.59 | |
| MCDERMOTT, SHARON A | 1.00 | 0.000070106 | $6.70 | |
| MCFARLAND, CHARLES D | 1.00 | 0.000070106 | $6.70 | |
| MCMAHON, SCOTT ALAN | 107.57 | 0.007541373 | $720.20 | |
| MERFELD, TIM D | 18.71 | 0.001311979 | $125.29 | |
| MEYER, ERIC L | 9.71 | 0.000681027 | $65.04 | |
| MILLER, MONTY D | 1.00 | 0.000070106 | $6.70 | |
| MILLER, PATRICIA A | 119.00 | 0.008342581 | $796.72 | |
| MINTER, ROBERT N | 25.57 | 0.001792704 | $171.20 | |
| MOSS, ELLEN J | 119.43 | 0.008372627 | $799.59 | |
| MOSS, KATHY A | 119.43 | 0.008372627 | $799.59 | |
| MOURLAM, DOLORES | 76.43 | 0.005358081 | $511.70 | |
| MRAZ, LYNN E | 17.14 | 0.001201812 | $114.77 | |
| MURPHY, TOM P | 119.43 | 0.008372627 | $799.59 | |
| MYERS, GARY T | 11.43 | 0.000801208 | $76.52 | |
| NAIRN, MARLA J | 107.57 | 0.007541373 | $720.20 | |
| NEESE, LON M | 119.43 | 0.008372627 | $799.59 | |
| NELSON, CHARLES E | 14.00 | 0.000981480 | $93.73 | |
| NELSON, RANDY R | 90.14 | 0.006319530 | $603.52 | |
| NICHOLSON, JULIE A | 14.57 | 0.001021541 | $97.56 | |
| NIEMEYER, JAMIE M. | 11.00 | 0.000771163 | $73.65 | |
| NILES, KEVIN | 1.00 | 0.000070106 | $6.70 | |
| NILLES, MICHAEL H | 57.43 | 0.004026072 | $384.49 | |
| NOREM, MARTHA J | 16.57 | 0.001161752 | $110.95 | |
| ODENDAHL, SUSANNE M | 1.14 | 0.000080121 | $7.65 | |
| OVERBECK, PHILLIP | 16.57 | 0.001161752 | $110.95 | |
| OWEN, KELLY L | 108.14 | 0.007581434 | $724.03 | |
| PAPER, GREGORY J | 1.00 | 0.000070106 | $6.70 | |

NYI-524634412v7

- 5 -

| | | | |
|---|---|---|---|
| PARIS, JEFFREY A | 119.43 | 0.008372627 | $799.59 |
| PATRICK, JOHN M. | 9.57 | 0.000671012 | $64.08 |
| PAUL, PATSY E. | 11.00 | 0.000771163 | $73.65 |
| PAUL, THOMAS H | 14.57 | 0.001021541 | $97.56 |
| PAULSEN JR, ERNEST K. | 24.29 | 0.001702568 | $162.60 |
| PEARSON, CASSANDRA J. | 6.43 | 0.000450680 | $43.04 |
| PETERSEN, DUSTAN | 15.29 | 0.001071616 | $102.34 |
| PETERSON, DAYMON G | 107.57 | 0.007541373 | $720.20 |
| PETERSON, KENT D | 14.57 | 0.001021541 | $97.56 |
| PETERSON, PERRY | 40.00 | 0.002804229 | $267.80 |
| PIGMAN, DARRELL E | 119.57 | 0.008382642 | $800.54 |
| POHLMAN, CLAYTON A | 119.43 | 0.008372627 | $799.59 |
| POHLMAN, DEAN M | 5.00 | 0.000350529 | $33.48 |
| PONCIN, KELLIE J | 1.00 | 0.000070106 | $6.70 |
| POTTS, HERMAN L | 11.14 | 0.000781178 | $74.60 |
| PRAIM, DAVID J | 1.00 | 0.000070106 | $6.70 |
| QUIGLEY, MICHAEL F | 1.00 | 0.000070106 | $6.70 |
| RAINEY, DANIELLE R | 5.14 | 0.000360544 | $34.43 |
| RALSTON, SCOTT R | 119.43 | 0.008372627 | $799.59 |
| REINSEL, JON M | 119.43 | 0.008372627 | $799.59 |
| REXROAT, KRIS L | 31.57 | 0.002213338 | $211.37 |
| REZABEK, ROBERT | 35.14 | 0.002463716 | $235.28 |
| ROBERTS, JULIE A | 14.57 | 0.001021541 | $97.56 |
| ROBERTS, JUSTIN L | 3.57 | 0.000250378 | $23.91 |
| ROBINSON, GAIL M | 4.57 | 0.000320483 | $30.61 |
| ROE, DOUGLAS T | 107.57 | 0.007541373 | $720.20 |
| ROGERS, ALISHA A. | 11.00 | 0.000771163 | $73.65 |
| RONEY, LINDA J | 4.00 | 0.000280423 | $26.78 |
| ROSALEZ, JOSEPH R | 119.43 | 0.008372627 | $799.59 |
| ROSBURG, JEFF A | 119.43 | 0.008372627 | $799.59 |
| ROSE, TAMARA S | 14.43 | 0.001011525 | $96.60 |
| SANDE, KEVIN C | 47.71 | 0.003345045 | $319.45 |
| SANKEY, LINDA S | 25.57 | 0.001792704 | $171.20 |
| SANKEY, MICHELLE M | 1.00 | 0.000070106 | $6.70 |
| SCHLEISMAN, JEFF | 76.14 | 0.005338050 | $509.78 |
| SCHNELL, CARLA J | 44.29 | 0.003104682 | $296.50 |
| SCHNELL, TROY L | 10.14 | 0.000711072 | $67.91 |
| SCOTT, BETHANIE J. | 9.57 | 0.000671012 | $64.08 |
| SCOTT, RANDALL L | 7.00 | 0.000490740 | $46.87 |
| SEASE, ROBERT K | 119.43 | 0.008372627 | $799.59 |
| SHELTON, MICHAEL J | 16.57 | 0.001161752 | $110.95 |
| SHIVERS, ROY C. | 10.71 | 0.000751133 | $71.73 |

| Name | Value | Rate | Amount | Extra |
|---|---|---|---|---|
| SHIVES, BRIAN L | 58.14 | 0.004076147 | $389.27 | |
| SHUBIN, MICKIE | 1.00 | 0.000070106 | $6.70 | |
| SIDERS, DEBRA K | 107.43 | 0.007531358 | $719.24 | |
| SITTIG, MICHAEL A | 1.00 | 0.000070106 | $6.70 | |
| SLAWSON, JEREMY D | 119.43 | 0.008372627 | $799.59 | |
| SMITH, TERESA K | 1.00 | 0.000070106 | $6.70 | |
| SPENCER, BRADLEY M. | 4.86 | 0.000340514 | $32.52 | |
| SPENCER, DENNY L | 1.00 | 0.000070106 | $6.70 | |
| SPENCER, KARRY M | 107.57 | 0.007541373 | $720.20 | |
| SPRECHER, MATTHEW E. | 6.00 | 0.000420634 | $40.17 | |
| STANFORD, ROWENA C | 107.57 | 0.007541373 | $720.20 | |
| STEIL, RAYMOND R | 10.43 | 0.000731103 | $69.82 | |
| STEIN, TRUDY J | 119.43 | 0.008372627 | $799.59 | |
| STENZEL, WILLIAM J. | 59.57 | 0.004176298 | $398.84 | |
| STOCKDALE, ROBERT T | 119.43 | 0.008372627 | $799.59 | |
| STURTZ, CYNTHIA A | 119.43 | 0.008372627 | $799.59 | $2,299.59 |
| SUMMERS, SUSAN F | 3.29 | 0.000230347 | $22.00 | |
| TABOR, JOSHUA W | 1.00 | 0.000070106 | $6.70 | |
| TAYLOR, JOYCE K | 14.57 | 0.001021541 | $97.56 | |
| TAYLOR, TAMMY M | 1.00 | 0.000070106 | $6.70 | |
| TEMPEL, MICHAEL L | 13.29 | 0.000931405 | $88.95 | |
| TEMPEL, MIKE | 1.00 | 0.000070106 | $6.70 | |
| THOMAS, MICHAEL D | 32.57 | 0.002283444 | $218.07 | |
| THOMPSON, DANNY L | 1.00 | 0.000070106 | $6.70 | |
| THOMPSON, GARY D | 107.57 | 0.007541373 | $720.20 | |
| TRICE, MARYLS R | 1.00 | 0.000070106 | $6.70 | |
| TSVETANOV, RENETA S. | 11.00 | 0.000771163 | $73.65 | |
| TUBBS, DEE A | 26.57 | 0.001862809 | $177.90 | |
| TURNER, MICHAEL S | 119.43 | 0.008372627 | $799.59 | |
| VANSICKEL, ROGER L | 119.43 | 0.008372627 | $799.59 | |
| WALSTROM, TIMOTHY J | 1.57 | 0.000110166 | $10.52 | |
| WATTS, LINDA K | 23.29 | 0.001632462 | $155.90 | |
| WENDLAND, MELISSA A | 119.43 | 0.008372627 | $799.59 | |
| WHITE, MARLO M | 119.43 | 0.008372627 | $799.59 | |
| WHITMER, HENRY F | 4.00 | 0.000280423 | $26.78 | |
| WIGNALL, JENNIE L | 119.43 | 0.008372627 | $799.59 | |
| WILDT, ROCKY A | 119.43 | 0.008372627 | $799.59 | |
| WILLIAMS, CHRISTINE M | 39.00 | 0.002734123 | $261.11 | |
| WILLIAMS, RONALD A | 93.29 | 0.006539863 | $624.56 | |
| WILSON, MELISSA A. | 9.57 | 0.000671012 | $64.08 | |
| WYATT, ZACH E | 5.57 | 0.000390589 | $37.30 | |
| YOUNG, BARBARA A | 11.43 | 0.000801208 | $76.52 | |

NYI-524634412v7

- 7 -

| | | | | |
|---|---|---|---|---|
| YOUNG, BRIAN | 28.57 | 0.002003021 | $191.29 | |
| YOUNG, CALVIN E | 46.29 | 0.003244894 | $309.89 | |
| YOUNG, GREGORY E | 20.29 | 0.001422145 | $135.81 | |
| ZINNEL, KEITH O. | 9.57 | 0.000671012 | $64.08 | |
| ZOCH, DAVID | 18.57 | 0.001301963 | $124.34 | |

NYI-524634412v7

- 8 -

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| NICK HARVEY, CINDY STURTZ and DAVID AUSBORN, Individually and on behalf of all others similarly situated, | Case No. 11-3036 MWB |
| Plaintiffs, | |
| v. | **ORDER APPROVING SETTLEMENT AND DISMISSAL WITH PREJUDICE** |
| AB ELECTROLUX, ELECTROLUX HOME PRODUCTS, INC., ELECTROLUX HOME PRODUCTS NORTH AMERICA n/k/a ELECTROLUX MAJOR APPLIANCES NORTH AMERICA and ELECTROLUX HOME CARE PRODUCTS, INC., | |
| Defendants. | |

This case is before the Court on the Parties' joint motion for approval of the settlement set out in the Global Settlement Agreement ("Agreement"). After a review of both the Agreement presented by the parties as well as the Individual Agreement and General Release of the Named Plaintiffs, the Court determines that the terms of the settlement of this litigation are fair, reasonable and adequate, including the amounts paid to the Named Plaintiffs and Remaining Opt-Ins as well as the fees and costs paid to Plaintiffs' Attorneys.

THEREFORE, it is hereby ordered, as follows:

1. This order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings set forth in the Agreement.

2.     The Court hereby approves the Agreement (including the requests for an award of attorneys' fees and costs and the Named Plaintiffs' service awards) and each Named Plaintiff's Individual Agreement and General Release and hereby DISMISSES WITH PREJUDICE any and all claims that were or could have been raised in the above-styled lawsuit by the Named Plaintiffs and Opt-In Plaintiffs. The Court further approves the Parties' agreement that the Remaining Plaintiffs waive any and all rights to appeal. Opt-In Plaintiffs who are not Remaining Plaintiffs do not waive their appeal rights.

SO ORDERED this ___ day of _____, 2015.


_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

NYI-524634412v7

- 2 -

Case 3:11-cv-03036-MWB   Document 177-1   Filed 02/27/15   Page 22 of 28
Case 3:11-cv-03036-MWB-LTS   Document 178   Filed 03/02/15   Page 24 of 31

EXHIBIT C

## INDIVIDUAL AGREEMENT AND GENERAL RELEASE

THIS INDIVIDUAL AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by and between [NAME] ("Plaintiff") on the one hand, and between Electrolux Home Products, Inc. and Electrolux Home Care Products, Inc. (collectively referred to as "Electrolux"),[1] on the other.

WHEREAS, Named Plaintiffs Nick Harvey, Cindy Sturtz and David Ausborn, individually and on behalf of all other allegedly similarly situated employees, by and through their undersigned counsel, brought a Class and Collective Action Complaint against Electrolux, AB Electrolux, and Electrolux Home Products North America n/k/a Electrolux Major Appliances North America (collectively, "Defendants") on August 3, 2011, and filed an Amended Complaint on September 13, 2011 ("the Lawsuit"), and

WHEREAS, Plaintiff and Electrolux desire to settle fully and finally all differences between them, including, but in no way limited to, any differences embodied in or related to the Lawsuit.

NOW, THEREFORE, in consideration of the premises and mutual promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff and Electrolux agree as follows:

1. <u>Consideration.</u> Within ten (10) days after the Effective Date (as defined below in Paragraph 6), Electrolux shall issue a check to Plaintiff in the amount of any Court-approved service award ("Service Award"). The Service Award shall be reported to the United States Internal Revenue Service and to other appropriate taxing authorities ("Taxing Authorities") on a Form 1099 and shall be paid without deductions for applicable taxes and withholdings except as required by law.

2. <u>No Other Claims.</u> Plaintiff represents that, other than in connection with the previously mentioned Lawsuit, Plaintiff has not filed any complaints, grievances, charges, or lawsuits against Defendants, any of their employees, or any other Released Parties, as defined below in Paragraph 3, with any governmental agency or any court.

3. <u>Complete Release.</u> Plaintiff, on behalf of himself or herself and his or her heirs, estates, executors, administrators, assigns, transferees and representatives, irrevocably and unconditionally releases, acquits, and forever discharges Defendants, each of their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and any and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit (collectively "Released Parties"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action,

---

[1] Defendants AB Electrolux and Electrolux Home Products North America n/k/a Electrolux Major Appliances North America were never properly served in this litigation and therefore are not proper parties.

suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs) of any nature whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, relating to any facts, acts, transactions, occurrences, events or omissions occurring prior to the date of Plaintiff's execution of this Agreement ("Claim" or "Claims").

Plaintiff specifically acknowledges and agrees that the Claims Plaintiff is releasing include, but are not limited to, those arising out of alleged nonpayment of wages or overtime pay and those arising out of any federal, state, or other governmental statute, regulation, ordinance, or common law doctrine regarding payment of wages or overtime pay, relating to any facts, acts, transactions, occurrences, events or omissions occurring prior to the date of Plaintiff's execution of this Agreement. Plaintiff also acknowledges and agrees that the Claims Plaintiff is releasing include, but are not limited to, claims under Iowa Wage Payment Collection Law, Iowa Minimum Wage Law, the Iowa Civil Rights Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act(s) of 1964 and 1991, Section 1981 of Title 42 of the United States Code, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, Family and Medical Leave Act, and all other federal, state, and local wage, civil rights and leave law(s) and all federal, state and local laws, statutes, ordinances or common law doctrines. This release does not prevent Plaintiff from filing a charge with or participating in an investigation conducted by the Equal Employment Opportunity Commission, provided, however, that Plaintiff is barred by this release from seeking or accepting monetary compensation obtained by the Equal Employment Opportunity Commission to the extent that it relates to or arises from allegations or claims concerning any facts, acts, transactions, occurrences, events or omissions occurring prior to the date of Plaintiff's execution of this Agreement.

4.    Age Discrimination In Employment Act Release and Waiver Provisions.  Plaintiff understands that, in this Agreement, Plaintiff is releasing claims under the Age Discrimination in Employment Act.  Plaintiff further acknowledges the following:

(a)  Plaintiff has read each and every paragraph of this Agreement, and understands the Agreement's terms and his or her rights and obligations under those terms;

(b)  In connection with the Agreement, Plaintiff is not waiving claims that arise after the date that Plaintiff executes the Agreement;

(c)  The Service Award is consideration in exchange for Plaintiff's release of claims, and is a payment in addition to anything of value to which Plaintiff is already entitled;

(d)  Plaintiff is hereby advised to consult with his or her attorney about this Agreement prior to executing it;

(e)  Prior to executing this Agreement, Plaintiff did consult with his or her attorney about the Agreement;

(f)  Plaintiff is hereby given a period of at least twenty-one (21) days to consider and review this Agreement;

(g) Plaintiff will have seven (7) days following the date Plaintiff executes this Agreement to revoke the Agreement. If Plaintiff revokes the Agreement within this "Revocation Period," neither party shall become bound by its terms. If Plaintiff does not revoke the Agreement within the Revocation Period, it will become effective once the Revocation Period has expired and all other conditions of Paragraph 6 have been met. Under no circumstances shall the Agreement become effective or enforceable until the Revocation Period has expired.

5.    <u>Consultation with Counsel</u>.  Plaintiff represents and agrees that Plaintiff fully understands Plaintiff's right to discuss all aspects of this Agreement with Plaintiff's attorneys, that to the extent, if any, Plaintiff so desired, Plaintiff has availed himself/herself of this right, that Plaintiff has carefully read and fully understands all of the provisions of this Agreement, and that Plaintiff is voluntarily entering into this Agreement.

6.    <u>Effective Date</u>.  The effective date of this Agreement, including for purposes of triggering the payment under Paragraph 1 of this Agreement, shall be defined as the day after all of the following events, each of which is a material condition of this Agreement, occur: (a) the Global Settlement Agreement becomes effective as described in Paragraph 10 of the Global Settlement Agreement; (b) Plaintiff's Service Award is approved by the Court; and (c) Plaintiff has executed and provided to Defendants' attorneys an executed copy of this Agreement and any applicable revocation periods set forth in Paragraph 4 have expired.

7.    <u>Ownership of Claims</u>.  Plaintiff hereby warrants and represents that Plaintiff owns all Claims that are the subject of this Agreement, including any and all of his or her claims arising from the Lawsuit, and that Plaintiff has the sole and exclusive right to settle and compromise such claims.

8.    <u>Governing Law</u>.  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Iowa.

9.    <u>No Representations</u>.  Plaintiff represents and acknowledges that, in executing this Agreement, Plaintiff has not relied upon any representation or statement not set forth herein made by Defendants or by any of Defendants' agents, representatives, or attorneys.

10.    <u>Binding Agreement</u>.  This Agreement shall be binding upon Plaintiff, as well as upon his or her heirs, administrators, representatives, executors, and assigns, and shall inure to the benefit of the Released Parties and their representatives, predecessors, successors, and assigns.

11.    <u>Severability</u>.  Should any clause, sentence, provision, paragraph, or part of this Agreement (other than Paragraph 3) be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

NYI-524634412v7

- 3 -

Case 3:11-cv-03036-MWB   Document 177-1   Filed 02/27/15   Page 25 of 28
Case 3:11-cv-03036-MWB-LTS   Document 178   Filed 03/02/15   Page 27 of 31

12. <u>No Waiver</u>. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or of the right thereafter to enforce each and every term of this Agreement.

13. <u>Sole and Entire Agreement</u>. Apart from the Global Settlement Agreement, this Agreement sets forth the entire agreement regarding the subject matter hereof between the parties hereto and fully supersedes any and all prior oral or written agreements or understandings between the parties hereto pertaining to the subject matter hereof. This Agreement may be modified only in writing.

14. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

Executed at _____, _____, this _____ day of _____, 2015.

_____
[PLAINTIFF'S NAME]

Executed at _____, _____, this _____ day of _____, 2015.

For Defendants Electrolux Home Products, Inc. and
Electrolux Home Care Products, Inc.
By: _____
Its: _____

Executed at _____, _____, this ____ day of _____, 2015.

_Cindy Sturg_
[PLAINTIFF'S NAME]

Executed at _____, _____, this ____ day of _____, 2015.

For Defendants Electrolux Home Products, Inc. and
Electrolux Home Care Products, Inc.
By: _____
Its: _____

NYI-524634412v7

Executed at _____, _____, this ____ day of _____, 2015.

X *[signature]*

[PLAINTIFF'S NAME]


Executed at _____, _____, this ____ day of _____, 2015.


For Defendants Electrolux Home Products, Inc. and
Electrolux Home Care Products, Inc.
By: _____
Its: _____

NYI-524634412v7

- 5 -